IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

    Plaintiffs,

  vs.                                  Civil Action 2:15-cv-2774
                                      Judge Graham
                                      Magistrate Judge King

S&S DIRECTIONAL BORING, LTD.,

    Defendant.

### REPORT AND RECOMMENDATION

This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185. Defendant S&S Directional Boring, Ltd.,("defendant") was served with a summons and a copy of the *Complaint* on September 8, 2015, *see* ECF 3, but has failed to plead or otherwise defend this action. Plaintiff applied to the Clerk for entry of default, *Plaintiffs' Application for Entry of Default against Defendant*, ECF 4, and the Clerk entered defendant's default pursuant to Fed. R. Civ. P. 55(a) on October 28, 2015. *Entry of Default*, ECF 5. This matter is now before the Court on *Plaintiffs' Motion for Default Judgment*, ECF 6, seeking default judgment against the defendant.

Plaintiffs have established that defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which defendant agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union.  *See* Exhibits A, B, attached to *Plaintiffs' Motion for Default Judgment.* The *Affidavit of Plaintiffs' Contractor Relations Manager*, attached to *Plaintiffs' Motion for Default Judgment* as ECF 6-2, establishes that defendant owes $39,761.90 in unpaid fringe benefit contributions for the months of August and September 2015 and made late payments totaling $ 32,664.47 for the months of June and July 2015.  *Id*. at ¶ 3; Exhibit C, attached to *Plaintiffs' Motion for Default Judgment*. Plaintiffs are entitled to liquidated damages, interest, and attorney fees in connection with these amounts.  *See* 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991).  Plaintiffs have established that defendant owes $5,920.20 in liquidated damages and interest for the period from June through September 2015.  *Plaintiffs' Motion for Default Judgment,* p. 3;  *Affidavit of Plaintiffs' Contractor Relations Manager*, ¶ 3; Exhibit C, attached to *Plaintiffs' Motion for Default Judgment*.

Plaintiffs seek an award of attorney's fees in the amount of $2,167.50, for seven and one-half hours billed at the rate of $255.00 per hour.  *Plaintiffs' Affidavit in Support of Their Motion for Default Judgment*, ¶ 5; Exhibit D, attached to *Plaintiffs' Motion for Default Judgment*.  Plaintiffs have provided evidentiary support that

the number of hours billed and the hourly rate charged are reasonable. *Id.*

Plaintiffs are therefore entitled to judgment in the amount of $45,682.10 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $2,167.50.

Accordingly, it is **RECOMMENDED** that *Plaintiffs' Motion for Default Judgment*, ECF 6, be **GRANTED**.  It is **FURTHER RECOMMENDED** that the Clerk enter judgment against defendant S&S Directional Boring, Ltd., and that plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from S&S Directional Boring, Ltd., the sum of $45,682.10 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $2,167.50, plus interest from the date of judgment at the rate of one percent (1%) per month.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 9, 2015                                    *s/Norah McCann King*
                                                    Norah M$^c$Cann King
                                                    United States Magistrate Judge